UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Guillory, et al                                     Civil Action No. 6:14-02551

versus                                              Judge Richard T. Haik, Sr.

Union Pacific Railroad Co., et al          Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Petition For Damages filed by plaintiffs, Anna L. Guillory, Paul U. Guillory, Collins Guillory, Meghan R. Guillory, Keldrick J. Williams, Sr., individually and on behalf of the minor children, Braylon Richard and Keldrick J. Williams, Jr., alleging injuries resulting from the August 4, 2013 Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1.* Plaintiffs originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana. Defendant, Union Pacific Railroad Co., removed this action to this Court, contending that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000. Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance So., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, a removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the Petition establishes that the parties are diverse in citizenship. Thus, in order to remain in federal

court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000). Plaintiffs allege they "resided, owned real property, owned or operated businesses, were employed in or who resided or were physically present" in St. Landry Parish, Louisiana at the time of the derailment and as a result sustained "physical injuries, mental anguish and emotional distress, loss of monies, loss of profit, property damage, loss of use and inconvenience." *R. 1-1,* ¶¶ *3, 19.* Plaintiffs, however, fail to provide any quantification of their damages. Nor does the Petition contain any information concerning whether they sought medical treatment or the nature or cost of any such treatment. Moreover, the Petition contains no information as to the alleged property damage, loss of monies or profit or use or the value of any such claims. Thus, the Petition does not provide any facts that would permit reasonable estimate of Plaintiffs' actual damages to be calculated.

Upon review, it is hardly apparent from the face of Plaintiffs' Petition that their claims exceed $75,000.00. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the actual damages that Plaintiff incurred. "[R]emoval cannot be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir.2003). The various damages stated in Plaintiffs' Petition are too speculative to provide the Court the requisite degree of confidence that the Petition, standing alone, makes out a claim for more than $75,000.00.

Thus, upon sua sponte review of Defendant's removal materials, the Court concludes that it lacks subject matter jurisdiction because Defendant has failed to establish that the amount in controversy in this matter likely exceeds $75,000.00. Accordingly, as the Court is without subject matter jurisdiction to hear this suit,

2.

**IT IS ORDERED** that the Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 4th day of March, 2015 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

3.